# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**LONNIE GREGORY,**

       Plaintiff,

v.                                           **CIVIL ACTION NO. 3:12-CV-121**
                                                 **(JUDGE GROH)**

**CRAIG PHELPS, SHANNA SPIKER,**
**and in official and individual capacity, and**
**their one unknown Police Officer, JOHN**
**DOE #1,**

       Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Currently pending before this Court is a Motion to Dismiss Plaintiff's Complaint, filed by Defendants Craig Phelps and Shanna Spiker, on June 20, 2013. [Doc. 29]. For the reasons set out below, this Court finds that Defendants' Motion to Dismiss should be **DENIED**. To the extent Plaintiff requested additional relief from this Court in his response dated June 28, 2013, Plaintiff's request should also be **DENIED**.

## BACKGROUND

**I.**     **Factual Allegations**

The *pro se* Plaintiff, a prisoner presently incarcerated at the Eastern Regional Jail, in Martinsburg, West Virginia, initiated this case by filing a civil rights complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on the night of October 8, 2010, Defendant Phelps threw him to the ground outside his vehicle for no reason. Plaintiff states that there is video evidence of this incident as

1

well as medical records to support his claim. Plaintiff also alleges that Defendant Spiker yelled at him when he tried to speak to the supervisor. Shortly after Plaintiff's request, he alleges he was assaulted by Officer Doe #1 when he was handcuffed to a bench. Plaintiff seeks monetary damages as a result of his alleged injuries.

## II.     Procedural History

On October 9, 2012, the *pro se* Plaintiff Lonnie Gregory filed his Complaint in the United States District Court for the Northern District of West Virginia. On March 21, 2013, Plaintiff was granted *in forma pauperis* status. On May 16, 2013, Plaintiff filed his Complaint on the court-approved form for prisoner § 1983 claims. On May 22, 2013, Magistrate Judge David J. Joel conducted a preliminary review and directed the Clerk to prepare 21-day summonses for the United States Marshal Service to serve the three named defendants.

On June 20, 2013, Defendants Craig Phelps and Shanna Spiker, by counsel, filed a Motion to Dismiss Plaintiff's Complaint. [Doc. 29]. On June 28, 2013, the *pro se* Plaintiff filed a Motion to Not Dismiss Civil Case 3:12-CV-121, which the Court reviewed as a response. [Doc. 31]. On July 1, 2013, this Court provided Plaintiff with a *Roseboro* Notice, advising Plaintiff of his right to file responsive material and alerting him to the fact that his failure to respond might result in the entry of an order of dismissal against him. [Doc. 32]. On July 3, 2013, Plaintiff accepted service of the *Roseboro* Notice. [Doc. 33]. On July 11, 2013, Defendants, by counsel, filed a reply. [Doc. 34]. On July 12, 2013, Plaintiff filed a Second Motion to Not Dismiss Civil Case 3:12-CV-121, which the Court again reviewed as a response. [Doc. 35]. Defendants did not file a reply.

# DISCUSSION

## I. Applicable Standard

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (emphasis added).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed. Appx. 273, 280 (4th Cir. 2008) (quoting **FED. R. CIV. P. 8(a)(2)**). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (Internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

## II. Analysis

In their motion, Defendants argue that "Plaintiff filed the current civil action outside the applicable statute of limitations and therefore the matter must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)." For the reasons that follow, this

3

Court **DENIES** Defendants' Motion to Dismiss.

Defendants argue that Plaintiff failed to file his civil rights action within the applicable statute of limitations. Defendants state that Plaintiff's Complaint alleges he was arrested and came into contact with Defendants on October 8, 2010. However, Plaintiff did not file suit in this matter until October 9, 2012.[1]

There is no Federal Statute of Limitations for § 1983 actions. Therefore, the applicable state statute of limitations governs the actions. See **42 U.S.C. § 1988**. "In West Virginia, § 1983 actions are considered personal injury actions and utilize the two year statute of limitations." **Orum v. Haines**, 68 F. Supp. 2d 726, 730 (N.D.W. Va. 1999) (citing **W. VA. CODE § 55-2-12**). In tort actions, the statute of limitations begins to run when "the plaintiff knows, or by the exercise of reasonable diligence should know (1) that the plaintiff has been injured . . . ." Syl. Pt. 3, **Dunn v. Rockwell**, 689 S.E.2d 255 (W. Va. 2009) (citing Syl. Pt. 4, **Gaither v. City Hosp., Inc.**, 487 S.E.2d 901 (W. Va. 1997)).

Plaintiff alleges that on the night of October 8, 2010, Defendant Phelps threw him to the ground outside his vehicle for no reason. Plaintiff states that there is video evidence of this incident as well as medical records to support his claim. Plaintiff also alleges that Defendant Spiker yelled at him when he tried to speak to the supervisor. Shortly after Plaintiff's request, he alleges he was assaulted by Officer Doe #1 when he was handcuffed to a bench. Plaintiff admits in his Complaint and in his responses [Doc.

---

[1] Defendants state that Plaintiff did not file suit in this matter until October 9, 2013. However, this appears to be a typographical error as Plaintiff clearly filed his suit on October 9, 2012.

31, 35] that he received his alleged injuries on October 8, 2010.

Therefore, applying the two year statute of limitations, Plaintiff was required to file his Complaint by October 8, 2012. However, October 8, 2012 was Columbus Day and a court holiday. Rule 6 of the Federal Rules of Civil Procedure applies "in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time." **FED. R. CIV. P. 6(a)**. Pursuant to Rule 6, in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." **FED. R. CIV. P. 6(a)(1)(C)**. Columbus Day is defined as a legal holiday. **FED. R. CIV. P. 6(a)(6)**.

In this case, Plaintiff timely filed his Complaint on October 9, 2012, the day immediately following the legal holiday that was not a Saturday, Sunday, or legal holiday. Therefore, the Defendants' Motion to Dismiss is **DENIED**.

Last, Plaintiff's first response, styled as a "Motion to Not Dismiss Civil Case 3:12-CV-121," requests that this Court order the Berkeley County Circuit Court to produce his records and then to subsequently send copies of his records to his Power of Attorney. This Court does not have authority to order the Berkeley County Circuit Court to produce Plaintiff's records in this case. Plaintiff must request his own records from the Berkeley County Circuit Court. Therefore, Plaintiff's request for this Court to order the Berkeley County Circuit Court to produce his records is **DENIED**. Additionally, although Plaintiff styles his response as a "motion," Plaintiff does not request any relief. *See* [Doc. 35]. Accordingly, the Court does not construe Plaintiff's second response as a

motion. [Doc. 35].

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Plaintiff's Complaint by Defendants Craig Phelps and Shanna Spiker **[Doc. 29]** is **DENIED**. Plaintiff's request for this Court to order the Berkeley County Circuit Court to produce his records **[Doc. 31]** is also **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** August 22, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE